No. 8766.
Orleans Appeal.

WILMERDING, MORRIS & MITCHELL v.
M. SHERMAN, Appellant.

(December 1, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 144, 145, 149.**

A suit for the contract price of merchandise, not an action in damages for the difference between said price and the market price, is the proper procedure, where a preponderance of evidence establishes the sale and where the vendee admits delivery and possession of the goods.

2. **Louisiana Digest, Appeal, Par. 625.**
Only issues of fact being involved, the judgment of the trial court will be affirmed.

Appeal from the Civil District Court for the Parish of Orleans, Div. "D", Hon. Porter Parker, Judge.

The only question for determination in this suit is whether the defendant, sued for the price of certain goods alleged to have been sold to him, did, in fact, actually buy the goods described in the petition.

Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Denegre, Leovy & Chaffee & McCall, attorneys for plaintiff and appellee.

Sol Weiss, attorney for defendant and appellant.

BELL, J. The only question for determination in this suit is whether the defendant sued for the price of certain goods alleged to have been sold to him, did, in fact, actually buy the goods described in the petition.

The trial court found for the plaintiff and the defendant has appealed.

The plaintiffs, who are shown to have been auctioneers, conducting business in the City of New York, filed this suit for recovery of the price of goods and merchandise sold by them at public auction to the defendant, on September 1, 1920. The amount claimed is the sum of $1,522.92, for which judgment has been obtained.

All of the plaintiff's testimony has been taken by depositions, and the record shows a preponderance of evidence to the effect that the sale was made as alleged in the petition. Four witnesses for the plaintiff, who are, respectively,—a member of the firm, the auctioneer who conducted the sale, the recording clerk, who at the moment of sale made entries thereof in the auctioneer's sale book, and the claim adjuster or credit man of the plaintiff's company, who made additional records of the sale by checking the names of the buyers, recording the prices and performing other duties incident to the completion of a record of sale,—all testify with certainty and in corroboration of each other's testimony, that the defendant not only bought certain samples of goods displayed on the counters for purposes of sale, but all other goods in relation to said samples which were, at the moment, in plaintiff's warehouse.

It is shown that the defendant had for years dealt with this firm, and on the occasion of previous sales, had recognized the method of shipment and delivery which had always been observed between the parties. This method was for the plaintiff to deliver, for account of purchaser, all of the goods purchased by him to a certain packer, who would give to the plaintiff firm, an itemized receipt for the goods delivered. This packer would at once or within a reasonable time, ship in his name—not in the name of the plaintiff firm—all goods purchased by the defendant. In the present instance, this custom, which had always been approved by the defendant, was strictly observed and the goods were shipped by steamer to New Orleans.

The only defense to this suit is, that plaintiff did not buy all of the goods

shipped to him, and that upon receipt of the invoice, which came to his hands some ten days or two weeks after returning from New York City, he at once advised plaintiff of his intention to reject the shipment because it was in excess of what he had purchased. Defendant claims that the sample pieces of each lot were sold separately from duplicate pieces, that is, pieces known as "dupes", and which were contained in defendant's warehouse; that he purchased only sample pieces, not duplicate pieces, as claimed by the plaintiff. The original catalogue of the auction sale is in the record and identified by the witness who recorded the sales, and shows conclusively that not only the samples but the duplicate pieces, were bought by the defendant.

Defendant admits that he attended the sale in question; that he had done business with the plaintiff company since 1915; that Fred Stetter had acted for him in receiving and packing his merchandise for some five or six years previously; that he purchased at the auction in question, part of the merchandise, the price of which is now sued for; and he finally admits in his pleadings and testimony, that he has not paid for any of the merchandise, including even that which he admits he bought, and that all of this merchandise is now in his possession, and has been, since the institution and trial of this cause.

Considering the facts as just noted, we are of the opinion that no error regarding the facts has been made by the trial court.

It is contended, however, by counsel for defendant, that in any event the suit is not properly brought for the price or by way of enforcing specific performance, but that plaintiff should have received the goods rejected by the defendant, should have given him shipping orders for the return of same and should only have sued for damages, if any, resulting from the difference between the contract price and the price of the goods subsequently sold, privately or at auction. Numerous authorities are cited in support of defendant's contention, but this law, which is sound under circumstances solely different from the instant cause, is not here applicable, for the reason it is conclusively shown that the contract of sale is not executory, but has been fully completed by delivery and possession.

There is in this case no question of failure to accept delivery, although defendant, without justification, saw fit to notify plaintiff before the arrival of the goods that he would not receive them. He did receive them, however, and the execution of the sale was completed.

In the case of Farmers Rice Co. vs. Koerner, No. 8568 of the docket of this court, and in the case of Davis & Co. vs. Sherman, No. 8635 of the docket of this court, the distinction is clearly pointed out between cases where the sale is inchoate for want of delivery and where delivery has been consummated. In the latter instance, the vendor has a right to sue for the price.

For these reasons, we find no error in the judgment of the trial court and are of the opinion that the same should be affirmed.

It is, therefore, ordered that the judgment appealed from herein be and the same is hereby affirmed, at defendant's costs in both courts.